10-1492-cv
Lifranc v. N.Y.C. Dep't of Educ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand eleven.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

───────────────────────────────────────────────

REGINE LIFRANC,

> *Plaintiff-Appellant,*

> > v.                                                            No. 10-1492-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
DAVID MORRIS, DOCTOR,

> *Defendants-Appellees.*

───────────────────────────────────────────────

| | |
|---|---|
| For Plaintiff-Appellant: | HARVEY S. MARS (Thomas B. Olcott, *on the brief*), Law Office of Harvey S. Mars, LLC, New York, N.Y. |
| For Defendants-Appellees: | EDWARD F.X. HART (Leonard Koerner, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y. |

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Regine Lifranc appeals from an April 8, 2010 judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) granting defendants' motion for summary judgment and dismissing Lifranc's complaint. Lifranc, a black Haitian woman, brought suit following the discontinuance of her probationary appointment as an Assistant Principal at Beach Channel High School in Queens, New York. She alleges that the New York City Department of Education and the school's principal, Dr. David Morris, discriminated against her due to her race, gender, and national origin in violation of the Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964; the New York State Human Rights Law; the New York City Human Rights Law; and Article V, Section 6 of the New York State Constitution. We presume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

We review the district court's grant of summary judgment *de novo*, viewing all facts and resolving all ambiguities in the light most favorable to the non-moving party. *Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court analyzed Lifranc's discrimination claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and concluded

2

that Lifranc had made a *prima facie* case of discrimination and that the defendants had articulated a legitimate, nondiscriminatory reason for the adverse employment action — namely, that Lifranc's performance as Assistant Principal was unsatisfactory. At that point, Lifranc was required to present evidence that this proffered reason was a pretext for an impermissible motive. *See id.* at 804-05. Having conducted an independent, *de novo* review of the record, we hold, substantially for the reasons stated by the district court in its thorough and well-reasoned opinion, *see Lifranc v. N.Y.C. Dep't of Educ.*, No. 07-CV-1109 (KAM)(LB), 2010 WL 1330136 (E.D.N.Y. Apr. 6, 2010), that no reasonable trier of fact could conclude that the defendants' explanation for the discontinuance of Lifranc's probation was pretextual and that discriminatory animus was a motivating factor for this decision.

On appeal, Lifranc asserts for the first time that the district court erred in failing to analyze her discrimination claims under the "mixed-motive" framework set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). *See also* 42 U.S.C. § 2000e-2(m). We ordinarily "will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). While we have the discretion to relax this rule to consider a purely legal issue or to avoid manifest injustice, *see id.*, we see no reason to exercise such discretion in the circumstances of this case.

We have considered Lifranc's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3